## PEJEPSCOT PROPRIETORS *vs.* NICHOLS.

If in a writ of entry, the issue being on the disseizin of the demandant by the defendant, the jury return a verdict, " that the defendant has held quiet pos-" session of the demanded premises for more than 20 years," — such verdict cannot, by any legal intendment, be considered as establishing the alleged fact of disseizin. — *Semble.*

When the defendant pleads several pleas to the same count; or since the act of *March* 30, 1831, under the general issue places his defence on several distinct grounds, if he obtain a verdict on any one issue, or any one of such distinct grounds, he will be entitled to judgment, though the other issues, or other grounds of defence are decided in favour of the plaintiff.

A verdict will not be set aside for *uncertainty,* as to matter *not essential to the gist of the action,* if it find the *material matter* in issue with sufficient certainty.

ENTRY *sur disseizin.* The premises demanded was the southerly half of lot No. 10, in *Lisbon.* Plea, the general issue. On trial, the general title was admitted to have been in the de-

mandants. The defendant's counsel then read the following deeds, *viz.* : *John Dain* to *John Dain, Jr.* conveying the demanded premises, dated *May* 5, 1816, and recorded *May* 9, 1829; and *John Dain, Jr.* to the defendant, dated *March* 4, 1822, and recorded *Sept.* 15, 1830.

There was much evidence introduced by the defendant in regard to the possession and occupation of the lot in question by himself and those under whom he claimed. Among other matters it was testified by one witness that in 1827, he was on the lot, and found it partly fenced across, the fence being however very poor, and in some places merely the remains of a fence ; but no where, was it sufficient to stop cattle — that *Nichols*, the defendant, was there, and said " it was only a pos- " session fence, and would answer his purpose."

The counsel for the defendant contended, 1. That the defendant had acquired a good title to the demanded premises by disseizin. — 2. If not, that the action was not maintainable, as there was no proof that the defendant was in possession of the premises, or any part thereof at the time of the commencement of the action.

All the evidence as to both points was left to the jury, with instructions as to the facts necessary to constitute a disseizin.

The counsel for the demandants requested the *Chief Justice*, who presided at the trial, to instruct the jury that, the recording of the defendant's deed a short time before the action was commenced, with his aforesaid declarations as to his fence, were *sufficient* evidence of his being in possession when the action was commenced, unless said evidence was in some way explained or contradicted. But the Judge declined giving such a *definite* instruction. The jury returned a verdict in favour of the defendant, in the following words : " The jury find " that the defendant has held quiet possession of the demand- " ed premises for more than 20 years at one time after the year " 1783. The jury further find for the defendant upon the " ground that he was not in possession of the demanded prem- " ises at the time of the commencement of this action."

The demandant's counsel filed a motion for a new trial predicating it on the following reasons. 1. " Because the verdict

" does not find the issue joined by the parties, and which was
" submitted to the jury."

" 2. Because the facts that they have found, are immaterial."

" 3. Because the jury have not found that the tenant either
" did or did not disseize the said demandants, which was the
" only issue submitted to them."

" 4. Because the finding of the jury is contrary to the evi-
" dence in the case, and against the weight of evidence."

*Allen*, for the demandants.

1. The verdict does not find the only issue joined, which
was whether the defendant had disseised the demandants.    The
verdict finds that the tenant held quiet possession of the prem-
ises 20 years after 1783.    This might be — but it does not find
that this possession was adverse to the demandants — and if
not, it was no disseizin, and no bar to this action.    *Maine stat.
ch.* 344, *sec.* 2 says, " the jury shall on the evidence consider
" *not only* the question *of title,* but whether the defendant held
" possession," and return their verdict accordingly.    This is in
order that in a future action, the demandant might not be de-
feated by any objection to the title.    If the jury find the plain-
tiff's title to be good, then they are to consider whether the
tenant was in possession.    Still the verdict ought to find the
issue.    In that case the plaintiff would have a good cause of
action but for the fact of the defendant's not being in posses-
sion ; and if the plaintiff should attempt to take possession and
should be resisted by the tenant, he could give in evidence the
former verdict finding and establishing the title in him.    If on
the other hand the evidence warrants the jury in finding that
the plaintiff has no title, or that the tenant has acquired a title
by disseizin, they ought so to find ; and then it is immaterial
about their considering the question of possession ; for whether
the tenant be, or be not, in possession, the plaintiff has no right
to recover.

The verdict cannot be construed beyond what its language
naturally imports.    It does not find that the defendant held
quiet possession in his own right, or adversely.    It does not

find that he ever claimed title. He might have held by lease, or as tenant at will, or by sufferance.

The verdict therefore in this respect is insufficient, and cannot be sustained. *Holmes v. Wood,* 6 *Mass.* 1 ; *Gerrish v. Train,* 3 *Pick.* 124. It is a general rule that the verdict must follow the issue, and the judgment must follow the verdict.

2. The instruction requested ought to have been given. The tenant introduced the deeds from *J. Dain* to *J. Dain, Jr.* and from the latter to himself. The last deed was recorded *Sept.* 15, 1830, and the writ in this case was dated *Nov.* 25, 1830. The giving and taking of this deed, and recording it, is tantamount to livery and seizin at common law. *Higbee v. Rice,* 5 *Mass.* 352 ; *Pray v. Pierce,* 7 *Mass.* 381 ; *Knox v. Jenks,* 7 *Mass.* 488 ; This, together with the declarations of the defendant relative to his possession fence, ought to be taken as conclusive evidence of his possession at the commencement of the action, if unexplained and uncontradicted.

3. But if the verdict is to be construed as virtually saying that the tenant had disseized the plaintiff, then it is contended, that is is wholly unsupported by the evidence.

*Mitchell,* for the defendant.

The opinion of the Court, at a subsequent term, was delivered by

MELLEN, C. J. — In this case the demandants have moved for a new trial on two grounds. 1. The alleged insufficiency and incorrectness of the verdict. 2. The refusal of the presiding Judge to give a requested instruction to the jury.

On the *first* ground the reasons assigned are, 1. that the verdict does not find the issue joined by the parties, and submitted to the jury. 2. Because the jury have not found that the defendant either *did,* or *did not* disseise the demandants, which was the only issue submitted to them. 3. Because the facts which they have found are immaterial : and 4. Because the verdict is contrary to the evidence and against the weight of evidence. The cause was tried on the general issue. The first three of the above reasons may be examined together.

Pejepscot Proprietors v. Nichols.

The alleged disseizin of the demandants by the defendant, for any period of time, is not expressly, and in terms, found by the jury ; and perhaps cannot, by any legal intendment, be considered as established by the verdict ; but they have expressly found that, at the time of the commencement of the action, the defendant was not in possession of the demanded premises. The fact of possession was not admitted by the general issue being pleaded, as was formerly the law in this State. That principle was changed, or rather abolished by the statute of *March 8th*, 1826, *ch.* 344. Now, on the general issue, according to the provision of the second section, " the " jury shall on the evidence, consider, not only the question of " title, but whether the defendant holds possession of the same " (premises) or any part thereof, *and return their verdict ac-* " *cordingly.*"

If the jury upon the evidence, could not on their oaths find that the defendant had committed any disseizin ; or, if he had, and they were satisfied that it had, in any manner, been purged and done away, prior to the commencement of the action, as was evidently their opinion, then they could not have found any fact, decisive of the action, except that which they have found ; and such finding is correct and proper according to the provision of the act of *March 30th*, 1831, for abolishing special pleading. The only question then, as to the points under consideration is, whether the omission of the jury to find the affirmative or negative of the alleged disseizin, in the *formal* issue joined, is of such a nature as to require the Court to set aside the verdict and grant a new trial. It is certainly a correct principle of the common law, that a verdict which finds *part* of the issue, and nothing as to the *residue*, is insufficient for the whole ; as if an information for an intrusion be brought against one for intruding into a messuage and 100 acres of land, upon the general issue the jury find against the defendant *the land*, but say nothing of the *house*. *Co. Litt.* 227. So if *two* are charged and *one* is found guilty, and the verdict is silent as to the *other*. 21 *Vin. Ab.* 431, 432. In the case before us there is no *such* omission. The finding of the jury has reference to the whole of the demanded premises, and disproves the defen-

dant's possession : and there is but one defendant. Nor is this like the case of two pleas and issues, *one* of which is found for the *plaintiff,* and there is no finding whatever, as to the *other.* Such a verdict would be inconclusive and bad ; for, had the other issue been found, it might have been found for the *defendant,* which would, of course, have entitled him to judgment. In the case before us, if the jury had found, in addition to what they have found, that the defendant *did* disseise the demandants as they have alleged, or that he *did not,* what effect could have been produced by a finding of the fact *either* way ?

It is a settled principle that where the defendant pleads several pleas to the same count, or, under the general issue, in virtue of the before mentioned act of *March* 30, 1831, places his defence on several distinct grounds relied on ; if he obtains a verdict on any one issue, or any one of such distinct grounds, he will be entitled to judgment, though the other issues are found, or other grounds of defence are decided in favour of the plaintiff. Now, the jury by their verdict have decided and found a fact in favour of the defendant, which constitutes a substantial defence, if it was properly decided and under correct instructions, why should the verdict be pronounced fatally defective ? why is not the present case one to which the maxim may be safely applied, *utile per inutile non vitiatur.* Mr. *Dane,* vol. 6, page 236, says, that " another rule is, if the verdict " do not find the *material* matter in issue, with proper certainty, " it is bad ; for there is not any sufficient foundation for the " Court to give judgment on ; otherwise, if *only* uncertain as to " *matter not essential to the gist of the action.*" The two statutes before referred to, have so changed the course of proceeding as to render it highly expedient, if not absolutely necessary, in many cases for the verdict to be broader than the issue, and to find facts in addition to it. For instance, in an action of replevin the defendant *must* plead the general issue — *noncepit,* which issue must be joined, though the only question to be tried may be, whether the plaintiff is the owner of the property replevied. In such a case the jury must find the *formal* issue in favour of the plaintiff; but they must also find that the pro-

perty replevied at the time of the taking, belonged to the plaintiff, if such is proved to be the fact. The case before us furnishes another instance of the necessity of extending the verdict beyond the terms of the issue. These are novelties made necessary by the statutory provisions we have mentioned, which seem to render common law, principles not perfectly applicable to the case under consideration. For the reasons we have thus assigned, we think the objections to the *form* of the verdict cannot be sustained on any sound principles. Neither do we perceive that the finding of the jury is against evidence, or the weight of evidence. The words in the act of *March* 8, 1826, " wheth-" er the defendant holds possession," have been construed to mean *actual* possession, either in person or by a tenant. *Jordan v. Sylvester,* 7 *Greenl.* 335. There was no proof of *such* possession for nearly six years before the date of the writ.

On the *second* ground, the question is, whether the verdict ought to be disturbed because the presiding Judge declined giving the requested instruction, mentioned in his report. The deed from *Daine, junior,* to the defendant, was registered upwards of two months before the commencement of the action. Was the registry of that deed, unexplained or uncontradicted, taken in connection with the defendant's declarations as to his possession fence, which were made six or seven years before, *sufficient* evidence to prove *actual* possession of the premises by the defendant, more than two months *afterwards,* or at any previous time ? We have several times decided, that when a grantee enters into open and actual possession, though of only a *part* of a tract or parcel of land, under a *recorded deed,* purporting to convey the same to him by plain and intelligible boundaries or description, such possession and improvement, uncontrolled by other evidence, constitutes a disseizin of the true owner as to the *whole ;* but a recorded deed *alone* does not constitute a disseizin ; nor is it, of itself, any evidence of the *actual possession* of the grantee. We think that such registry, in connection with the declarations as to the fence, were not *sufficient* evidence of such possession in the present case, and that therefore the requested instruction was properly withheld.

The consequence is, that there must be

*Judgment on the verdict.*